E-FILED
Wednesday, 04 October, 2017  04:53:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cr-30049 |
| ) | |
| RICHARD SHUMATE AND ) | |
| EVELYN SHUMATE, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Defendants Richard Shumate and Evelyn Shumate (hereinafter Defendants) have filed a Motion to Reconsider Sentence (d/e 120). Defendants request the Court to resentence them to the same sentence that co-Defendant Anthony Hall received. For the reasons stated herein, Defendants' motion is DENIED.

On September 15, 2017, the Court sentenced Richard Shumate and Evelyn Shumate each to a term of five months' imprisonment, five months' home confinement, and three years of supervised release. In doing so, the Court granted both Defendants' sentencing requests. Both sentences are at the bottom of the

Defendants' Sentencing Guideline ranges, which was 10 to 16 months in both cases. Defendants now argue that because they would each be responsible for a loss of $24,982 (half of their joint and several responsibility, $49,964), they should not receive a greater sentence than co-Defendant Hall, who was responsible for a loss of $40,001. Defendants' argument ignores the numerous other sentencing factors set forth in 18 U.S.C. § 3553.

First, Defendant Richard Shumate, as the program operations manager for the New Birth Christian Center's Summer Food Program, and Defendant Evelyn Shumate, as his assistant, worked together to take affirmative steps to defraud the Illinois State Board of Education (ISBE) and the U.S. Department of Agriculture. Richard Shumate handled the purchasing of the food for the Program. He stored food at Austin Produce, who was never paid any money from the program but whose invoices Defendants provided to the ISBE. Evelyn Shumate helped to prepare the submitted invoices.

Second, Defendants emphasize that each is individually responsible for $24,982, but they arrive at this figure using an unfounded approach of splitting their joint responsibility. In

reality, Defendants are responsible for $49,964. It is a joint and several responsibility because they schemed together to defraud the Program of funds that they converted for their personal use, including a new car. Defendants also ignore the fact that co-Defendant Hall's restitution amount of $40,001 included his acceptance of responsibility for payments to his wife in amounts that to which she was entitled.

Third, the Court considered Defendants' allocutions, during which Defendants downplayed the seriousness of the scheme and their respective intents in committing it. Defendant Evelyn Shumate accepted responsibility for her poor recordkeeping and expressed remorse for Defendants' sloppy bookkeeping, to which she attributed her conviction. Defendant Richard Shumate took responsibility for his bad handling of the business, which he stated he tried to assist. Defendants' demeanors and their attorneys' arguments reinforced Defendants' minimization of their offenses. In contrast, co-Defendant Anthony Hall's allocution statements and demeanor indicated much more contrition. He admitted to accepting funds that he should not have and expressed a desire to apologize to all who were affected by the offense.

For these reasons and those the Court stated during Defendants' sentencing hearings, both Defendants' sentences are proper. Defendants' Motion to Reconsider Sentence (d/e 120) is DENIED.

**ENTERED: October 3, 2017**

**FOR THE COURT:** <u>s/ Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**